PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TECNOCAP, LLC, | ) |
|         Plaintiff, | ) CASE NO. 4:16CV2923 |
| v. | ) JUDGE BENITA Y. PEARSON |
| GRAPHIC COMMUNICATIONS CONFERENCE/INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 24M, | ) |
| | ) **MEMORANDUM OF OPINION AND ORDER** |
|         Defendant. | ) [Resolving ECF Nos. 12 and 14] |

Pending are cross-motions for summary judgment filed by Plaintiff Tecnocap, LLC ("Employer") (ECF No. 12) and Defendant Graphic Communications Conference/International Brotherhood of Teamsters, Local 24M ("Union") (ECF No. 14) regarding the enforceability of an arbitration award. The Court has been advised, having reviewed the record, parties' briefs and applicable law.[1] For the reasons that follow, the Court grants Employer's motion to vacate the arbitrator's award, and denies Union's motion to enforce the award and for attorneys' fees.

---

[1] The Case Management Plan (ECF No. 11) entered on March 20, 2017 provides, in pertinent part:
    Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motions. The stipulations shall be filed with the Court on or before May 1, 2017.
ECF No. 11 at PageID #: 196. No stipulations were filed.

## I. Background

Employer is a corporation with facilities in Warren, Ohio. ECF No. 1 at PageID #: 1. Randy Witherow ("Witherow") is an employee of Employer at its Warren facility. ECF No. 12-1 at PageID #: 200. Witherow is a member of Union. ECF No. 12-1 at PageID #: 200. Employer and Union are parties to a Collective Bargaining Agreement ("CBA"), which includes an "Attendance and Tardiness Control Program." ECF No. 12-1 at PageID #: 200. This program is a no fault, point based, absenteeism policy, which calls for the dismissal of an employee who earns 12 points under the Attendance Program. ECF No. 12-1 at PageID #: 200.

Records show that Witherow has a long history of attendance related issues. ECF Nos. 12-11; 12-12; 12-13; 12-14; 12-15. On September 29, 2015, Witherow was terminated from employment after he reached 13 points pursuant to the Attendance Program. ECF No. 12-1 at PageID #: 200. Union then filed a grievance over Witherow's termination on October 2, 2015. ECF No. 12-1 at PageID #: 200. As a result, Union, Employer, and Witherow negotiated and agreed to a Last Chance Agreement ("LCA") on October 8, 2015 as resolution to the grievance. ECF No. 12-5. Under the LCA, Witherow was placed on an eight-month probationary period, during which time he could not miss work without prior approval. ECF No. 12-5 at PageID #: 260.

On March 10, 2016, Witherow was again terminated by Employer after he violated the LCA due to an unapproved absence. ECF No. 12-6. On March 15, 2016, Union filed another grievance on behalf of Wintherow alleging "unfair treatment." ECF No. 12-7 at PageID #: 263. The parties were unable to resolve the March 15th grievance. As a result, an arbitration was held

(4:16CV2923)

on July 14, 2016 before Arbitrator John M. Felice ("Arbitrator"). ECF No. 12-1 at PageID #: 201.

On September 15, 2016, the Arbitrator issued a decision in favor of Union and Witherow, ordering Witherow's return to employment with back pay. ECF No. 12-22. Employer then filed a motion for reconsideration on September 26, 2016. ECF No. 12-1 at PageID #: 205. Arbitrator denied Employer's motion on October 14, 2016. ECF No. 12-1 at PageID #: 205.

On December 5, 2016, Employer initiated the instant lawsuit by filing a Complaint and Motion to Vacate Arbitration Award (ECF No. 1). Union then filed an Answer (ECF No. 7) seeking to affirm the arbitration award. Subsequently, both parties filed cross-motions for summary judgment. ECF Nos. 12; 14.

## II. Standards of Review

### A. Motion for Summary Judgment

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

(4:16CV2923)

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute. An opposing party may not simply rely on its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be

(4:16CV2923)

sufficient to defeat a motion for summary judgment. *Id.* This standard of review does not differ when reviewing cross-motions for summary judgment versus a motion filed by only one party. *U.S. SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013).

**B.     Review of an Arbitration Award**

A court's review of an arbitration award is "one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of America*, 913 F.2d 1166, 1169 (6th Cir. 1990). The Court considers "only the questions of 'procedural aberration' outlined by the Supreme Court in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987), and *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504 (2001)." *Truck Drivers Local No. 164 v. Allied Waste Sys., Inc.*, 512 F.3d 211, 216 (6th Cir. 2008). Barring the rare exception, the Court does not consider whether the arbitrator made errors in his award based upon the merits of the case. *Michigan Family Res., Inc. v. SEIU Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007) (*en banc*). Because the parties submitted to arbitration, "it is the arbitrator's view of the facts and the meaning of the contract that they have agreed to accept." *Id.* at 752 (quoting *Misco*, 484 U.S. at 37-38).

The purview of the Court is limited to reviewing three issues: (1) whether the arbitrator acted "outside his authority" by settling a dispute not being put forth for arbitration; (2) whether he committed fraud in rendering a decision, or otherwise had a conflict of interest; and (3) whether he interpreted and applied the actual contract in order to settle the dispute. *Mich. Family Res., Inc.*, 475 F.3d at 753.

A court cannot make findings of fact independent of the arbitrator; rather, the arbitrator must make the factual findings "and a court may not reject those findings simply because it

(4:16CV2923)

disagrees with them." Misco, 484 U.S. at 38. However, an arbitrator cannot simply dispense his own brand of industrial justice. Id. An arbitration award must "derive its essence" from the collective bargaining agreement, and "it fails to do so when it (1) conflicts with express terms of the agreement; (2) imposes additional requirements not expressly provided for in the agreement; (3) is not rationally supported by or derived from the agreement; or (4) is based on 'general considerations of fairness or equity' instead of the exact terms of the agreement." Voss Steel Employees Union v. Voss Steel Corp., Nos. 92-2068, 92-2309, 1994 WL 28610, at *4 (6th Cir. Jan. 31, 1994) (quoting Dallas & Mavis Forwarding Co., Inc. v. General Drivers, Warehousemen & Helpers, Local Union No. 89, 972 F.2d 129, 134 (6th Cir.1992), cert. denied, 506 U.S. 1051 (1993)).

"If an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated." Detroit Coil Co. v. International Ass'n of Machinists & Aerospace Workers, Lodge # 82, 594 F.2d 575, 581 (6th Cir.1979) (internal quotation marks omitted). Although "an award may not be vacated merely because the arbitrator made an error of law," it may be vacated "if the arbitrator's decision evidences a manifest disregard for the law." Tanoma Mining Co., Inc. v. Local Union No. 1269, UMWA, 896 F.2d 745, 749 (3rd Cir.1990) (internal quotation marks omitted).

### III. Discussion

#### A. Arbitration Award

Employer does not assert that the Arbitrator committed fraud or otherwise had a conflict of interest. Instead, Employer asserts that Arbitrator exceeded the scope of his authority in reaching his final decision. ECF No. 12-1 at PageID #: 206. In other words, Employer argues

(4:16CV2923)

that Arbitrator dispensed his own brand of "industrial justice" because he failed to apply the LCA as required. ECF No. 12-1 at PageID #: 211.

The issues presented during arbitration were: (1) whether Witherow was discharged for just cause; and (2) what should be the appropriate remedy if Witherow was not discharged for just cause. Arbitration Award (ECF No. 1-24) at PageID #: 138. These issues were brought forth because Article XII, Section 5 of the CBA reads: "[n]o employee may be disciplined or discharged except for just cause. . . ." ECF No. 12-2 at PageID #: 226.

During arbitration, the fact that Witherow was finally terminated due to an unapproved absence on March 8, 2016, which breached the LCA, was not disputed. Rather, Union contended that this termination was not for "just cause" despite execution of the LCA. ECF No. 1-24 at PageID #: 139. Employer contended that it properly exercised its right to discharge Witherow by relying upon the LCA and Witherow's overall absentee record. ECF No. 1-24 at PageID #: 139.

The parties entered into the LCA as a final resort after Witherow's long history of repeated absenteeism. The LCA states, in relevant part:

> Instead of immediately terminating employment, [Witherow] will be put on an eight (8) month probationary period for attendance issues. He will not miss any work during this eight month period unless it is approved prior by his supervisor or if it is an excused absence approved by the Plant Manager and Director of Human Resources.
>
> [Witherow] understands that this agreement is his last chance to remain employed at [Employer]. Failure to make improvement or recurrence of inappropriate behavior or conduct within the specified time period as described in the October 8, 2015 warning will result in immediate termination."

ECF No. 12-5 at PageID #: 260. This language is clear and unambiguous, and gives Employer authority to terminate Witherow for further unapproved absences.

(4:16CV2923)

The Sixth Circuit has long held that a labor arbitrator does not have the authority to disregard the explicit terms of a LCA reached by the parties. *Baker's Union v. ITT Continental Baking Co.*, 749 F.2d 350,353 (6th Cir. 1984). Although the general rule is that the Court will defer to the arbitral decision as long as the "decision draws its essence from the [CBA]." *Id*. Parties who agree to a LCA "pursuant to a formal grievance procedure have not bargained for an arbitrator's construction of the [CBA]; they have bargained for their own construction." *Id.* at 354. In other words, the LCA is controlling over the CBA, and an arbitrator must apply the LCA in reaching his decision.[2]

In 1991, the Sixth Circuit reiterated its holding in *Baker's Union* . *See Ohio Edison Co. v. Ohio Edison Joint Council*, 947 F.2d 786, 787 (6th Cir. 1991) ("We conclude that *Baker's Union* remains the law of the Circuit and is applicable to this case."). Both *Baker's Union* and *Ohio Edison* are directly on point. In those cases, an employee had problems that affected his work. In all three cases the local union negotiated a LCA with the employer which provided a final recourse, but called for discharge if the employee breached the terms of the LCA. In *Baker's Union*, the employee breached the LCA by failing to attend Alcoholics Anonymous meetings. In *Ohio Edison*, the employee breached the LCA by continuing to use marijuana. Here, Witherow breached the LCA by failing to show up to work on March 8, 2016 without prior approval for an excused absence. Given these similar facts, a labor arbitrator must apply the LCA to the instant case.

---

[2] Courts of Appeals in other circuits have also held that an arbitrator must follow the plain language of the LCA. *Northwest. Airlines, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Air Transp. Dist. Lodge No. 143*, 894 F.2d 998 (8th Cir. 1990); *Tootsie Roll Indus., Inc. v. Local Union No. 1, Bakery, Confectionary, and Tobacco Workers Int'l Union*, 832 F.2d 81 (7th Cir.1987).

(4:16CV2923)

In the matter at bar, Arbitrator failed to apply the clear language of the LCA, and ruled in favor of Union because he believed that Employer "appears to be applying its Policy in a punitive fashion." ECF No. 1-24 at PageID #: 141. This exceeds a labor arbitrator's authority. LCAs are often executed to encourage settlements without the aid of an arbitrator. If an arbitrator were not bound to enforce the parties' previously agreed upon LCA, the entire system would be undermined. In this case, the parties chose to enter into the LCA, just like in *Baker's Union* and *Ohio Edison*. Even after close reading of the arbitration decision, one is left wondering how Employer applied its policy to discharge Witherow in a punitive fashion. Arbitrator seemed to rely solely upon the fact that Employer "immediately decided to terminate [Witherow] as soon as they learned he was absent from work on March 8, [2016] without first conducting any investigation." ECF No. 1-24 at PageID #: 140-41. The Arbitrator gives no substantive reasons why this fact allows for the LCA to be set aside.[3]

Union also argues that the arbitration award should be affirmed because the Court has a limited scope of judicial review. ECF No. 15 at PageID #: 347-55. Although the courts have a tradition of deference to arbitral decisions,[4] such deference is based on a desire to give effect to the parties' chosen means of dispute resolution. *Baker's Union*, 749 F.2d at 344. This deference does not mean that the Court lacks the jurisdiction to vacate improper awards that ignore the

---

[3] Union further attempts to support its assertion that Arbitrator did not ignore the LCA by block-quoting large portions of the arbitration decision in its briefs. ECF Nos. 15 at PageID #: 353-54; 19 at PageID #: 374-76. Although the LCA was briefly mentioned in his decision, Arbitrator failed to explain why it should be disregarded. ECF No. 1-24 at PageID #: 141.

[4] In *Americold Logistics, LLC v. Local 17A United Food and Commercial Workers, AFL-CIO*, No. 5:12CV0749, 2013 WL 351159 (N.D. Ohio Jan. 29, 2013), the undersigned confirmed an arbitrator's award in its entirety.

(4:16CV2923)

explicit language of an agreed upon settlement agreement such as the LCA. *Id*; *Voss Steel Employees Union v. Voss Steel Corp.*, 797 F. Supp. 585, 588 (E.D. Mich. 1992) (concluding arbitrator exceeded his authority in rendering an award that disregarded the independent force and effect of a last chance agreement), *aff'd*, Nos. 92-2068, 92-2309, 1994 WL 28610 (6th Cir. Jan. 31, 1994). Here, the Court is not reviewing Arbitrator's fact findings or his interpretation of the "just cause" principles under the CBA. Rather, the Court is correcting the Arbitrator's oversight in ignoring the LCA.

Thus, under *Baker's Union* and *Ohio Edison*, the arbitration award is vacated because Arbitrator lacks the authority to set aside the LCA.

**B. Attorneys' Fees**

Union argues that they are entitled to an award of counsel fees because "no reasonable argument can be made to justify" this action. ECF No. 15 at PageID #: 358. However, an award of attorney's fees when a party or counsel have acted in bad faith is an extreme sanction, and must be limited to cases of truly egregious misconduct. *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 610 F. App'x 464, 470 (6th Cir. 2015).

As discussed above, Arbitrator failed to enforce the clear language of the LCA. Employer was justified in bringing this action before the Court. Employer had good grounds to challenge the arbitration decision, and did not act in bad faith.

Attorneys' fees will not be awarded to Union because Employer did not act in bad faith.

(4:16CV2923)

## IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment ([ECF No. 12](#)) is granted; and Defendant's Motion for Summary Judgment ([ECF No. 14](#)) is denied. The Arbitration Award ([ECF No. 1-24](#)) is vacated. Defendant's request for attorneys' fees is denied.

IT IS SO ORDERED.

| | |
|---|---|
| March 27, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |